UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES PARTRIDGE,

                          Petitioner,

     v.                                                                             9:21-CV-519 (AMN/DJS)

ERIC BELL,

                          Respondent.
_____

**APPEARANCES:**                                                  **OF COUNSEL:**

**JAMES PARTRIDGE**
16-B-3096
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Petitioner, *pro se*

**NEW YORK STATE ATTORNEY GENERAL -**     **PRISCILLA I. STEWARD, ESQ.**
**NEW YORK OFFICE**
28 Liberty Street
New York, New York 10005
*Attorneys for Respondent*

**Hon. Anne M. Nardacci, United States District Judge:**[1]

**ORDER**

**I.     INTRODUCTION**

       On March 19, 2021, Petitioner filed the instant petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254, seeking to vacate his convictions for predatory sexual assault against a child, course of sexual conduct against a child in the first degree, and endangering the welfare of a child entered in the Onondaga County Court in Syracuse, New York. *See* Dkt. No. 1. Petitioner

---

[1] Senior United States District Judge Thomas J. McAvoy originally presided over this matter. The case was reassigned to the undersigned on October 21, 2024. *See* Dkt. No. 24.

1

specifically asserts the following grounds for relief: (1) Petitioner's predatory sexual assault against a child conviction must be dismissed because it was not supported by sufficient evidence, was against the weight of the evidence, and the proof varied from the indictment, and (2) ineffective assistance of both trial and appellate counsel. *See* Dkt. No. 1 at 7-13.[2]  The Court referred the matter to United States Magistrate Judge Daniel J. Stewart for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c), which he issued on June 10, 2024.  *See* Dkt. No. 23 ("Report-Recommendation").  Magistrate Judge Stewart proposed that the Court deny the petition, decline to issue a Certificate of Appealability, and advised that pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review.  *Id.* at 12-13.  Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection.  *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.  DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews those recommendations for clear error.

First, Judge Stewart specifically found that Petitioner's first ground for relief was moot because the New York Appellate Division, Fourth Department, dismissed Count 1 of the indictment, predatory sexual assault against a child, and affirmed the judgment as modified. *See* Report-Recommendation at 4-5 (citing *People v. Partridge*, 173 A.D.3d 1769, 1770 (4th Dep't 2019)).

Next, on Petitioner's ineffective assistance of counsel claims, Judge Stewart separately analyzed the claims against trial counsel and appellate counsel. Petitioner asserted the following grounds for his ineffective assistance of trial counsel claim: (1) failure to establish that Petitioner's confession was obtained by deceptive tactics; (2) failure to object to certain questions; (3) failure

3

to seek redaction of Petitioner's videotaped confession; (4) misstatement of the burden of proof during voir dire; and (5) failure to seek dismissal of the predatory sexual assault count. *See* Dkt. No. 1 at 7-8.[3]

Petitioner specifically claimed that trial counsel "made no objection to the prosecutor's cross-examination of [Petitioner] using questions that mischaracterized the evidence, and did not rehabilitate the defendant on re-direct examination" and "failed to object to the prosecutor's elicitation of a lengthy sequence of wholly inappropriate testimony until well after it occurred." Dkt. No. 1 at 8. On these issues, Judge Stewart found that a review of the trial transcript revealed that trial counsel made several sustained objections, including to testimony about the recorded phone calls. *See* Report-Recommendation at 7-8. Judge Stewart found that Petitioner's bald assertions failed to overcome the presumption that counsel's decisions were the product of sound trial strategy, and that Petitioner's allegations, without more, were insufficient to overcome this presumption because the Petition did not specifically allege what prejudice he had suffered as a result of the alleged conduct. *See id.* at 8. Judge Stewart also found that trial counsel's decision not to object to certain questioning was considered trial strategy falling within the wide range of reasonable professional assistance. *See id.*

Petitioner then claimed that trial counsel was ineffective because she failed to seek redaction of Petitioner's videotaped confession. On that issue, Judge Stewart pointed out that trial counsel explicitly informed the Court that the entire video should be played for the jury because it

---

[3] As Judge Stewart pointed out, Petitioner also asserted claims based on matters outside of the record. For instance, he maintained that his trial attorney failed to read a police report, and listen carefully to video evidence, failed to send relevant evidence to an expert, and failed to use that evidence to establish during questioning that law enforcement acted inappropriately. *See* Dkt. No. 1 at 7. Judge Stewart found that such claims were barred from review because Petitioner had not properly exhausted such claims. *See* Report-Recommendation at 6-7. Accordingly, Judge Stewart determined that he would only consider exhausted claims. *See id.* at 7-11.

4

contained "statements made by [Petitioner] which would be helpful to his defense" and any contrary statements were "not harmful in light of what [trial counsel] want[ed] to use the video for." *See id.* at 8.  Judge Stewart found that trial counsel clearly considered the matter and made a strategic decision not to seek redaction. *See id.*  Judge Stewart concluded that because strategic choices "are virtually unchallengeable," and Petitioner had not proven resulting prejudice, habeas relief is not warranted on that ground. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)).

Petitioner also asserted that his trial counsel "misrepresented the burden of proof during voir dire" because she asked potential jurors if they were "open to the possibility" that Petitioner was innocent.  Dkt. No. 1 at 8.  After examining the trial record as a whole, Judge Stewart concluded that it was clear that the correct burden of proof was applied throughout Petitioner's trial, and thus Petitioner's ineffective assistance of counsel claim failed on this ground.  *See* Report-Recommendation at 9-10.

As Judge Stewart pointed out, Petitioner also took issue with the fact that "[t]rial counsel . . . prepared a defense for Count 1 even though it charged the Petitioner with violating a statute before it was enacted." Dkt. No. 1 at 8.  Judge Stewart found that this claim was meritless because:

> [t]he record clearly establishes that trial counsel moved for dismissal of the predatory sexual assault count both at the close of the People's case and after evidence had closed.  Tr. at pp. 504, 620-621.  Trial counsel's requests were denied.  Had she gone forward without preparing a defense, the Court "is confident [Petitioner] would have challenged that decision as yet another ground for ineffective assistance." *Bright v. United States*, 2018 WL 5847103, at *4 (S.D.N.Y. Nov. 8, 2018).  Petitioner has also failed to show any prejudice resulting from his trial counsel being adequately prepared.  As such, Petitioner's claim presents no basis for habeas relief.

Report-Recommendation at 10-11.

Petitioner also argued that appellate counsel was ineffective for failing to raise Petitioner's ineffective assistance of trial counsel claim in a Criminal Procedure Law § 440.10 motion (post-

conviction motion to vacate judgment). *See* Dkt. No. 1 at 9-13. Judge Stewart found that Petitioner:

> presents no basis for relief. The AEDPA statute itself provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral *post-conviction* proceedings shall not be a ground for relief." 28 U.S.C. § 2254(i) (emphasis added). Likewise, it is well settled that there is no constitutional right to an attorney in state post-conviction proceedings. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 752 (1991). "Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.; see also Wainwright v. Torna*, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance). Thus, Petitioner's claim does not warrant habeas relief.
>
> In conclusion, the Fourth Department's finding that Petitioner "received meaningful representation" was accurate. [] *Partridge*, 173 A.D.3d at 1772.

Report-Recommendation at 10-11.

Judge Stewart also recommended that no Certificate of Appealability be issued because Petitioner failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). *Id.* at 12.

The Court agrees with Magistrate Judge Stewart's recommendations for the reasons set forth in the Report-Recommendation. Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 23, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Petition for *writ of habeas corpus* is **DENIED**; and the Court further

**DECLINES** to issue a Certificate of Appealability; and the Court further

**ORDERS** that the Clerk to **CLOSE** the case and serve a copy of this Order on the Parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 7, 2024
      Albany, New York

                                            Anne M. Nardacci
                                            U.S. District Judge